311 So.2d 283 (1974)
Elnora Tate PERRY et al.
v.
Randy J. LAW et al.
Jimmy PERRY, Jr.
v.
Randy J. LAW et al.
No. 10027.
Court of Appeal of Louisiana, First Circuit.
August 1, 1974.
Iddo Pittman, Hammond, for defendant-relator.
Burrell J. Carter, Greensburg, for plaintiff-respondent.
Joseph H. Simpson, Amite, for defendant-respondent.
Before LANDRY and SARTAIN, JJ., and BAILES, J. Pro Tem.
JULIAN E. BAILES, Judge Pro Tem.
Relators, Randy J. Law and State Farm Mutual Automobile Insurance Company, defendants in these consolidated cases, made application to this court for supervisory writs on the ground that the trial court denied a motion for a continuance of the trial of these cases on the merits fixed for August 27, 1974, which time is during vacation of the court.
The question of law presented for determination by this application is whether the trial court under the present structure of its rules, legally can fix a case for trial on its merits during vacation of the court, in the absence of consent of all the parties thereto.
The relators contend that under the present rules of the district court and LSA-C.C.P. Articles 193 and 196, the court erred in denying their motion for a continuance of the August 27, 1974 fixing to a date during the regular term of court.
The respondents, in their opposition to the relators' application, rely on LSA-R.S. 13:503 which provides that the "district courts shall be open always * * *" as being authority for the district court to fix the trial date as stated.
Respondents cite the case of Lawrason v. Swartz, 132 La. 511, 61 So. 554 (1913) *284 as supportive of their position that the district judge has the authority to warrant the fixing of the case on the date of which relators complain.
Article VII, Section 43 of the Louisiana Constitution of 1921, as amended, in part, provides: "* * * In each district composed of more than one parish, the judge shall sit alternately in each parish, as the public business may require. * * *."
This quoted portion of the Constitution is similar to the provision of law relied on by the Supreme Court in the cited case to hold that the trial judge could determine when public business required the fixing of the sessions other than regular, fixed sessions.
We find the holding of this cited case is not apropos to the issue before us. Therein the court was considering the correctness of the order of the trial judge fixing an exception for hearing prior to the time of the next regular, fixed session as announced by the judge. The fixing of the trial of a case on the merits during vacation of the court, in derogation of the rules of the court, was not at issue.
Article VII, Section 43, cited above, also provides that district courts, except in Orleans Parish, shall hold continuous sessions during ten months of the year. LSA-C.C.P. Article 196 sets out in detail those specific acts which may be performed by a district court during vacation. None of the specified functions include the trial of a case on its merits during vacation time. Further, LSA-C.C.P. Article 193 grants permission to the courts of this state the authority to adopt rules for the conduct of judicial business "including those governing matters of practice and procedure which are not contrary to the rules provided by law."
In the exercise of the authority granted to the court by LSA-C.C.P. Article 193, the Twenty-first Judicial District Court, composing the parishes of Livingston, St. Helena and Tangipahoa, adopted a set of rules effective May 1, 1973. We quote the following from Rule 1, to-wit:
"Section 1. The regular term of court will begin on Tuesday after the first Monday in September and continue until June 30th of the following year.
* * * * * *
"Section 3. The vacation period will consist of the months of July and August. During these months special terms of court will open * * * for the purpose of hearing rules, motions, taking preliminary defaults, and confirming defaults, as well as handling uncontested matters."
It is a well recognized principle of law that rules of courts not in conflict with express law have the force of law.
While it is true that the courts are always open for the exercise and preservation of legal rights of all persons within its jurisdiction, rules of court formulated in accordance with law are to be observed and complied with in the orderly performance and conduct of the business of the court.
Herein we find the fixing of these consolidated cases for trial on the merits on August 27, 1974, was in contravention of the provisions of Rule 1, Section 3 of the rules of the Twenty-first Judicial District Court. In the absence of the consent of all the parties to this litigation to such trial, the fixing of the cases for trial on the merits on August 27, 1974 must be set aside.
Accordingly, for the foregoing reasons, in the exercise of this court's supervisory jurisdiction, as provided in Article VII, Section 2 of the Louisiana Constitution of 1921, as amended, a writ of prohibition is issued herein directed to the Twenty-first Judicial District Court, prohibiting it from proceeding with a trial of these consolidated cases on the merits during vacation of *285 the said court, and the trial of these cases on the merits on August 27, 1974, is stayed until such time as fixed in accordance with the rules of said court.
Writ granted.