1,YELVERTON, J.
This case involves the improper use of discovery devices by the plaintiffs’ counsel in compelling the State of Louisiana, Department of Public Safety, Louisiana State Police Crime Lab (the State), which is not a party to the suit, to produce certain photograph negatives. The State responded informally by letters to the plaintiffs’ counsel. The State never denied access to the information requested. Plaintiffs’ counsel filed a motion to compel discovery which was granted, and attorney fees were ordered paid by the State under La.Code Civ.P. art. 1469 because the State failed to respond to a mailed request for production of documents.
The entire discovery process was replete with procedural errors by both parties. The State appeals the judgment ordering discovery and the payment of attorney fees. We reverse.
PROCEDURAL HISTORY
A tort suit was filed by Ronald Dale Guidry and Judy Guidry for damages arising out of the death of their son, Job Guidry, a bicyclist who was struck and killed by the defendant, Kevin Todd Manuel. In connection with that action the plaintiffs’ counsel, Mr. Frank Barber, *96 served upon the State of Louisiana, Department of Public Safety, Louisiana State Police Crime Lab, a request for production of documents relating to the investigation of the accident. The request was served by United States mail on July 16, 1998, on the State of Louisiana, Department of Public. Safety at 376 East Airport Drive, Baton Rouge, Louisiana 70806. This is the address of the Louisiana State Police Crime Laboratory (Crime Lab). The request asked the Crime Lab to produce the following:
IgAll documents, photographs, negatives, images, notes memoranda,, reports, investigative materials, and any other tangible item, in any way connected to the investigation of an accident occurring on U.S. 190 at mile post 97,½ mile west of Eunice, Louisiana, bearing state computer number 7577962 and investigative agency number 1.3575(97-SL).
The date, time, and place of the inspection and/or copying was set for August 6, 1998, at the offices of J. Minos Simon, Ltd., 1408 West Pinhook Road, Lafayette, Louisiana, at 10:00 a.m.
Tammy Pruet Northrup, counsel for the Crime Lab, contacted the office of plaintiffs’ counsel to get additional information in order to determine whether any of the requested documents existed. After Ms. Northrup determined that the State Police had taken twenty-two photographs of the accident, she sent plaintiffs’ counsel a letter dated July 24, 1998, informing him of the cost to produce photographs from these negatives and asking for a check to cover this cost. (Appendix A)
There was no response from plaintiffs’ counsel, and the State did not appear at counsel’s office with the negatives on August 6, 1998. Plaintiffs then filed a motion to compel on August 12, 1998, seeking an order of the court compelling the State to produce the documents, as well as ordering the State to pay attorney fees and costs incurred in filing the motion to compel. The hearing on plaintiffs’ motion to compel was set for August 28, 1998, at 9:00 a.m. Service was requested on the State of Louisiana, Department of Public Safety, Louisiana State Police, Crime Lab, at 376 East Airport Drive, Baton Rouge, Louisiana 70806.
On September 1, 1998, the Department’s legal section attorney, Foye Lowe, received the motion to compel and notice of the August 28 hearing date which had already passed. Mr. Lowe sent the plaintiffs’ counsel a letter requesting that plaintiffs’ counsel withdraw the motion to compel. (Appendix B) No response was Lever received by Mr. Lowe or Ms. Northrup. In another letter to plaintiffs’ counsel, Ms. Northrup again requested the withdrawal of the motion to compel and suggested alternatively that the motion be rescheduled for Tuesday, September 29, 1998. (Appendix C)
Meanwhile on August 26,1998, plaintiffs’ counsel contacted the Clerk of Court for St. Landry Parish and learned that the clerk’s office had transmitted the rule to compel to the Baton Rouge Sheriffs Office for service. That same day plaintiffs’ counsel contacted the Baton Rouge Sheriffs Office and was told that service had not been made. On August 28, 1998, plaintiffs’ counsel filed a motion to reset hearing and for appointment of process server, utilizing La.Code Civ.P. art. 1293. This motion was granted on August 28, 1998, and the hearing was reset for September 11, 1998.
On September 1, 1998, the private process server, Mitchell Bombet, served the State Police Crime Lab with plaintiffs’ motion to compel and the order setting the hearing on plaintiffs’ motion to compel for September 11, 1998. The motion to compel was served on Angela Clark, a receptionist at the Crime Lab, rather than on the head of the State Police. This unusual procedure, ie., service on the receptionist at the Crime Lab rather than on the head of the State Police, whose office was at a different location, prevented Mr. Lowe and *97 Ms. Northrup from learning about it until it was too late.
The State, unaware of the September 11, 1998 hearing, made no appearance at that hearing, and the trial court granted plaintiffs’ motion to compel and awarded attorney fees in a judgment rendered on September 11 and signed on September 17. The judgment contained the following language:
|4IT IS ORDERED, ADJUDGED AND DECREED that the State of Louisiana, Department of Public Safety Louisiana State Police, comply with plaintiffs’ Request for Production of Documents previously forwarded to them within fifteen days of the date this judgment is rendered (September 26, 1998).
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the State of Louisiana, Department of Public Safety Louisiana State Police, pay to plaintiffs Ronald Dale Guidry and Judy Savoie Guidry, attorney’s fees in the amount of FIVE HUNDRED AND NO/ 100 ($500.00) DOLLARS and be cast with all costs involved in the bringing of this motion.
The judgment was silent as to the payment of charges for the photographs to the Crime Lab, which can be interpreted to mean that the negatives were to be turned over to the plaintiffs without cost. Notice of this judgment was mailed by the clerk of court to the State on October 15, 1998. This is the judgment from which the present appeal was taken.
On November 5, 1998, the State filed a pleading styled “Motion for Rehearing.” The motion asserted that the request for production served by plaintiffs was improper discovery, that the State should not be compelled to relinquish control of the requested negatives, and that there was insufficiency of service of process throughout. The trial court heard the motion, then stated the motion was denied, but nevertheless granted it, in part, by amending the judgment to order that the production requested by plaintiffs occur at the office of the State Police Crime Lab, rather than at the office of plaintiffs’ counsel.
The State moved for and was granted a suspensive appeal on December 21, 1998. Plaintiffs moved to dismiss the appeal, arguing that the order of the trial court awarding plaintiffs costs and attorney’s fees was an interlocutory order, which could not be appealed. Plaintiffs asserted in their reply brief that the State’s suspen-sive appeal was untimely because the delay for a suspensive appeal had run. On a writ | ¡^application to this court, we affirmed the trial court’s denial of the motion to dismiss the appeal but maintained the State’s appeal as devolutive.
OPINION
The procedure for the production of documents and things in the hands of persons not parties is governed by La. Code Civ.P. art. 1463. The article allows either an independent action, which would necessarily require service, or a subpoena duces tecum to be served upon a person not a party to the lawsuit. The State Police is not a party to this lawsuit, thus the request for production of documents that was served by mail was improper. Contrary to the argument of counsel for the plaintiffs, the State did not waive its objection to this procedure. It pleaded insufficient service of process in its initial pleading, the “Motion for Rehearing.” The trial court never ruled on that issue.
Our discovery rules are based upon the Federal Rules of Civil Procedure, and we can look to that source to help us understand our own rules. Collins v. Crosby Group, Inc., 551 So.2d 42 (La.App. 1 Cir.1989),writs denied, 556 So.2d 39, 42 (La.1990). Federal Rule of Civil Procedure 45 governs subpoena practice, and Comment C45-1 to that article explains, in pertinent part, the subpoena as a jurisdiction-getting device.
A subpoena, like a summons, is a jurisdiction-getting paper. The summons *98 secures jurisdiction of a defendant in an action, subjecting the defendant to the jurisdiction of the court so that any judgment that may be rendered in the action will bind the defendant. The mission of the subpoena is to secure jurisdiction of a witness, who is usually not a party to the action, so as to obtain from the witness testimony or documents (or other things) needed by one of the parties.
The incentive of the summoned defendant is to appear in the action so as to avoid a default judgment. The incentive of the | subpoenaed witness is to obey the subpoena so as to avoid punishment for contempt, the sanction that backs a subpoena....
In the present case no independent action was brought against the Crime Lab, a non-party, nor was it ever subpoenaed through a subpoena duces tecum. The mailed request for production of documents was not a jurisdiction-accomplishing device.
On the motion to compel, the trial court could not have rendered a judgment for attorney fees even if the State had waived its objection to jurisdiction. At oral argument counsel for plaintiffs, when asked what authority the trial court had to render the judgment which the State is presently appealing, stated that it was La. Code Civ.P. art. 1469. This article deals with orders compelling discovery and provides that the party or deponent whose conduct necessitated the motion may be ordered to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that “other circumstances make an award of expenses unjust.” Article 1469, authorizing an order compelling discovery and the imposition of sanctions, applies only to a party or a deponent who is not a party. The Crime Lab is not a party, nor was it a deponent. The motion to compel was an improper remedy against this non-party and conferred no authority on the court to cast the Crime Lab for attorney fees or order it to produce the photographs.
Pretermitting, however, whether the State may be considered to have waived its objection to jurisdiction, and even if Article 1469 was a proper vehicle to compel production of the photographs by a non-party, we reverse the judgment under the broad authority granted to us by La. Code Civ.P. art. 2164. That article requires us to render any judgment which is just, legal, and proper upon the record on appeal. |7To the extent that Article 1469 authorizes assessment of reasonable expenses, including attorney fees, against a recalcitrant party or deponent, it is penal in nature and is to be strictly construed. Ferrier v. Jordache-Ditto’s, 94-1317, 94-1318 (La.App. 3 Cir. 5/17/95); 662 So.2d 14, writ denied, 95-2865 (La.2/2/96); 666 So.2d 1100. Because we find that the circumstances we have outlined above make an award of expenses unjust, we will reverse the award of attorney fees as an abuse of discretion.
We also reverse the judgment’s order that the negatives be produced at the offices of plaintiffs’ counsel and turned over to him. Article 1463 allows a party to have access to the negatives in the hands of a person not a party only for the limited purpose of inspection or copying; it does not authorize turning the negatives over to the discovering party. The trial court evidently recognized its error when it attempted to modify the judgment to that extent following the hearing of the “Motion for Rehearing.” This substantive change was ineffective because it was in violation of La.Code Civ.P. art.1951. However, our reversal will accomplish the result that the trial judge intended.
Finally, the judgment was silent as to payment for the photographs to be made from the negatives. To the extent that the judgment may be interpreted to mean that the photographs were to be supplied with *99 out charge, that also was error. Louisiana Revised Statute 32:398(G) provides:
G. The state police, any local police department, or any sheriffs office shall provide copies of photographs of accidents or other photographs required of the investigating agency to any interested person upon request and may charge a reasonable fee, adopted pursuant to R.S. 49:950 et seq., for copies of photographs actually received.
^CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. The plaintiffs will pay the costs of this appeal.
REVERSED.

*100
JúL

APPENDIX A
[[Image here]]
*101 l10
APPENDIX B
[[Image here]]
*102 Jb
[[Image here]]
*103 l12
APPENDIX C
[[Image here]]