822 So.2d 38 (2002)
Richard F. SEAWARD and Martha Olivia Robertson Seaward
v.
CITY OF HAMMOND, et al.
No. 2001 CA 0770.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*39 Robert W. Tillery, Hammond, Counsel for Plaintiffs-Appellees Richard F. Seaward and Martha Olivia Robertson Seaward.
E. John Litchfield, Chance C. White, New Orleans, Counsel for Appellant Asplundh Tree Expert Company.
Alan J. Levith, Hammond, Counsel for Defendant City of Hammond.
R. Henry Sarpy, Jr., New Orleans, Counsel for Defendant Entergy Louisiana, Inc.
Before: GONZALES, FITZSIMMONS, DOWNING, KLINE,[1] and LANIER,[2] JJ.
DOWNING, J.
Plaintiffs, Richard F. Seaward and Martha Olivia Seaward, sought discovery from a non-party, Asplundh Tree Expert Company (Asplundh). However, after approximately three months, the plaintiffs still had not received a return on the subpoena duces tecum served on Asplundh. Therefore, plaintiffs filed a motion for contempt with a rule to show cause. A hearing on the rule was set for the 8th day of September, 2000. The motion and rule were designated for service on Asplundh through its agent for service of process, C.T. Corporation System. The certificate of service at the end of the motion and rule stated that a copy was mailed on August 29, 2000 to an attorney, Mr. John Litchfield, who was identified in the certificate as counsel for Asplundh. The record contains some evidence that Asplundh was served on September 5, 2000; however, the evidence is inconclusive, at best.[3]
Asplundh did not appear at the September 8th hearing on the rule to show cause why Asplundh should not be held in contempt. Without inquiry into whether adequate notice of the hearing had been given to Asplundh, the trial court ordered that "the rule is made absolute" and that Asplundh must respond to the subpoena duces tecum within seven days of September 13, 2000, or pay $1000 a day until compliance. Asplundh filed a motion for a new trial. In the motion, Asplundh alleged that it "was not served with Notice *40 of the Hearing until September 5, 2000 ... and did not have adequate time to prepare a defense to this matter." The trial court denied the motion stating that Asplundh admitted "receiving notice of the hearing, but took no action to request a continuance." It is important to note that the trial court did not find that Asplundh had been formally served with the contradictory motion. Asplundh suspensively appealed. We vacate the judgment appealed, and remand for a new hearing.
It appears the plaintiffs issued the subpoena duces tecum pursuant to LSA-C.C.P. art. 1463B. When Asplundh failed to comply, it violated LSA-C.C.P. art. 1357. Violation of Article 1357 is a constructive contempt of court in violation of LSA-C.C.P. art. 224(2). The power of a court to punish for contempt of court is limited by law. La. Const. of 1974, art. V, § 2. The procedure for citing and punishing a person for constructive contempt is set forth in LSA-C.C.P. art. 225. In particular, Article 225A states, in pertinent part, "a certified copy of the motion, and of the rule to show cause, shall be served upon the person charged with contempt in the same manner as a subpoena at least forty-eight hours before the time assigned for the trial of the rule." (Emphasis added.)
Louisiana Code of Civil Procedure Article 225 requires the following:
(1) a trial by the judge;
(2) the contempt rule shall state the facts alleged to constitute the contempt;
(3) the rule shall be served upon the person "in the same manner as a subpoena;" and
(4) if the person charged is found guilty, the court shall render an order reciting the facts constituting the contempt.
Because Asplundh is a non-party, the initial subpoena is jurisdictional. A subpoena, like a summons, is a jurisdiction-getting paper.
The summons secures jurisdiction of a defendant in an action, subjecting the defendant to the jurisdiction of the court so that any judgment that may be rendered in the action will bind the defendant. The mission of the subpoena is to secure jurisdiction of a witness, who is usually not a party to the action, so as to obtain from the witness testimony or documents (or other things) needed by one of the parties.
.... The incentive of the subpoenaed witness is to obey the subpoena so as to avoid punishment for contempt, the sanction that backs a subpoena ....
Guidry v. State Farm Mutual Automobile Insurance Co., 99-0383, pp. 5-6 (La.App. 3 Cir. 12/8/99), 759 So.2d 95, 97-98.
Plaintiff contends that Asplundh had notice of the hearing by other means than service by the sheriff. Because service is jurisdictional for a non-party, actual notice is irrelevant. As stated in Guidry, "The mailed request for production of documents was not a jurisdiction-accomplishing device." See Guidry, 99-0383 at p. 6, 759 So.2d at 98.
Pursuant to LSA-C.C.P. art. 1355, subpoenas are served and the returns made in the same manner as the service and return on a citation. The sheriff makes the service. LSA-C.C.P. art. 1291. LSA-C.C.P. art. 1292 provides that, "The return, when received by the clerk, shall form part of the record, and shall be considered prima facie correct." However, Rule 2-1.11 of the Uniform RulesCourts of Appeal pertaining to the record on appeal states, "subpoenas, notices, and returns may be omitted from the record, unless they are at issue. Such items may be supplied upon timely application to this court by any party, upon showing their materiality." *41 (Emphasis added.) The subpoenas at issue in this matter were not made part of the record.
If Asplundh was not properly served with the original subpoena duces tecum by the Sheriff, the trial court did not have jurisdiction to find Asplundh in contempt even if the motion for contempt was properly served. Because we cannot determine from the record whether Asplundh was properly served with either the original subpoena duces tecum or the motion for contempt, we remand to the trial court for the trial court to determine whether service was proper.[4]

DECREE
For the foregoing reasons, the judgment of the trial court is vacated and this action is remanded to the trial court to determine whether both services on Asplundh were properly made by the Sheriff. If either service was not properly made by the sheriff, the trial court was without jurisdiction to find Asplundh in contempt, and the contempt citation shall be dismissed without prejudice by the trial judge. If both services were properly made, the trial court may proceed in accordance with law and the views expressed herein.
JUDGMENT VACATED; REMANDED FOR FURTHER PROCEEDINGS WITH INSTRUCTIONS.
FITZSIMMONS, J., dissents in part and assigns reasons.
FITZSIMMONS, Judge, dissenting in part, with reasons.
Reasonable notice and a fair hearing represent fundamental due process. La. Const. art. I, § 2 and § 22.[1] With a motion and rule for contempt, formal service is required. See La. C.C.P. arts. 225, 963 & 2594. Service should also comply with any applicable rules of court, which are published with the Supreme Court and Appellate Court Rules. Rule XI, Section 3, of the Rules of the Twenty-First Judicial District Court, requires "five days notice on Motions, Rules and Exceptions." Unless a local rule conflicts with express law, it has the force of law, and should either be observed or removed as a rule. Perry v. Law, 311 So.2d 283, 284 (La.App. 1st Cir.1974). I can find no conflict with other specifically applicable statutory law. See, e.g., La. C.C.P. art. 225A (requires a minimum of "forty-eight hours before the time assigned for the trial of the rule," but does not assign a maximum). Thus, Asplundh should have received "five days notice" by formal service.
Failure to respond to a court-issued subpoena and notice of a contempt hearing presents substantial risks. Sanctions allowed by law may be warranted in such a case. Nevertheless, in this particular case, failure to respond did not render moot the legal rules mandating proper and adequate notice of the contempt proceeding. Even assuming Asplundh was formally served on September 5th with notice of the hearing to be held on September 8th, notice was not legally adequate under the applicable *42 rules. Without adequate notice, the hearing and the resulting judgment are invalid. See Barrios v. Barrios, 95-1390, pp. 6-7 (La.App. 1 Cir. 2/23/96), 694 So.2d 290, 294, writ denied, 96-0743 (La.5/3/96), 672 So.2d 691.
For this particular case, I see no reason for supplementation of the record or the taking of evidence of formal service. Asplundh did not complain about the service of the subpoena duces tecum and apparently submitted to the jurisdiction of the court in that instance. No one claims that Asplundh received five days notice before the contempt hearing, with or without formal service. Thus, I respectfully dissent, in part. I would vacate the judgment and remand only for timely notice and a new hearing on the issue of contempt.
NOTES
[1] The Honorable William F. Kline, Jr., Judge (retired), is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[3] The record contains a letter dated August 29, 2000 from Mr. Tillery, counsel for plaintiffs, to the clerk of the district court. In the letter, Mr. Tillery requested service on Asplundh. A handwritten but unsigned notation appears at the bottom of the letter and states, as follows: "This was Issued on 8/30. served on C.T. Corp. 9/5." In the motion and rule for contempt, plaintiffs designated C.T. Corporation as Asplundh's agent for service of process. No sheriff's return on service appears in the record. Possibly, the confusion may have arisen from a misuse of the term "service" for notice by mail.
[4] The trial court imposed a conditional sanction that was satisfied, therefore, the amount of the contempt sanction is not at issue. The one issue remaining is the validity of the finding of contempt. However, we note that punishment for contempt in this instance is governed by LSA-C.C.P. art. 4611(1)(d) and is limited to $500.00.
[1] Generally an attack on the constitutionality of a statute must first be raised in the court below; that is not true of a claim based on a constitutional due process violation. See and compare Georgia Gulf Corporation v. Board of Ethics for Public Employees, 96-1907, pp. 5-6 (La.5/9/97), 694 So.2d 173, 175-176; Vallo v. Gayle Oil Company, Inc., 94-1238, pp. 7-8 (La.11/30/94), 646 So.2d 859, 864-65.