960 So.2d 148 (2007)
Paula HOOPER
v.
LOUISIANA DEPARTMENT OF AGRICULTURE AND FORESTRY.
No. 2005 CA 2481.
Court of Appeal of Louisiana, First Circuit.
March 23, 2007.
*150 Maria A. Finley, Baton Rouge, for Plaintiff-Appellant Paula Hooper.
Philip J. Shaheen, Baton Rouge, for Defendant-Appellee Louisiana Department of Agriculture and Forestry.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
PARRO, J.
An employee appeals from a judgment of the Office of Workers' Compensation Administration (OWC),[1] which granted her employer's motion for involuntary dismissal[2] and dismissed her claim for workers' compensation benefits. For the following reasons, we affirm.

Factual Background and Procedural History
On January 6, 2003, Paula Hooper (Hooper) filed a disputed claim for workers' *151 compensation benefits, alleging that she had suffered a work-related injury to her back on November 4, 2002, during the course and scope of her employment with the Louisiana Department of Agriculture and Forestry (the Department), for which she was denied indemnity and medical benefits. In addition to the alleged twisting injury to her back while carrying a tray of seeds, Hooper averred that she was entitled to workers' compensation benefits due to severe and disabling emotional distress endured in connection with an ongoing criminal investigation at her agency. The Department's first report of injury dated November 6, 2002, simply disclosed that Hooper was suffering from health problems caused by stress from her position of seed analyst. Hooper testified that her November 6, 2002 complaint did not concern the stress of her job, but rather concerned an injury to her back that resulted while lifting seed trays and turning to the left to put the trays on a cart.
In connection with the trial of this matter, Hooper requested that a subpoena and a subpoena duces tecum be issued to the following people who were then employed with the Department: Commissioner Bob Odom, Melanie Barnett, Terri Boykin (Summers), Sherry Wethy, Eric Gates, and Lola Turner. These subpoenas were delivered to Skip Rhorer, the official custodian of records for the Department. The Department and these individuals, through the Department's counsel of record and the Department's in-house counsel, sought to have these subpoenas quashed based on Hooper's noncompliance with LSA-R.S. 13:3667.3, LSA-R.S. 23:1310.7(C), and LSA-C.C.P.3 arts. 1351 through 1354. The Department also urged that Hooper's request for subpoenas duces tecum was overly broad. In opposing the motion to quash, Hooper asserted that the requirements of LAC 40:1.5909, which governs the issuance of subpoenas in workers' compensation cases, were satisfied by service on Mr. Rhorer. After a hearing, the motions to quash were granted.
Following the trial on the merits, the workers' compensation judge (WCJ) found that Hooper's testimony was "absolutely not credible," given the conflicting evidence. Finding that Hooper had a significant congenital condition that had become symptomatic prior to the alleged accident, the WCJ found that Hooper had failed to prove the occurrence of a work-related accident. A judgment was signed, granting the Department's motion for involuntary dismissal[3] and dismissing Hooper's claims. Hooper appealed, contending that the WCJ erred in granting the Department's motion to quash, in finding that Hooper was not a credible witness, and in finding that Hooper had not satisfied her burden of proving that a work-related accident had occurred on November 4, 2002.

Motion to Quash
Concerning the issuance and service of subpoenas, LAC 40:1.5909 of the Office of Workers' Compensation Administration's hearing rules provides:
A. Subpoenas issued in connection with any workers' compensation matter shall be served by the party requesting issuance of the subpoena, and may be served by certified mail return receipt requested or any other manner provided in § 5511.[4] Proof of service shall be the *152 responsibility of the party requesting the subpoena. Once issued and served, a subpoena may be canceled by the requesting party only after written notice to the opposing side. It shall be the responsibility of the requesting party to provide written notification of cancellation to all opposing parties as well as the person under subpoena. [Footnote added.]
B. In order to be enforceable, subpoenas for hearing shall be served seven days prior to the scheduled hearing date; subpoenas to compel attendance of medical experts shall be served 10 days prior to hearing. Subpoenas for hearing may be issued after expiration of these time limits only by leave of court for good cause shown or upon written consent of all parties.
Because she sent the subpoenas, which were directed to employees of the Department,[5] by certified mail to the Department, Hooper contended that the requirements of LAC 40:1.5909 were satisfied.
Although LSA-R.S. 23:1310.7(C), regarding the issuance of subpoenas in workers' compensation proceedings, does not state that a party must deposit funds with the clerk of court[6] to pay for all fees and expenses to which the witness is entitled by law, LSA-C.C.P. art. 1353, which is referred to in LSA-R.S. 23:1310.7(C), imposes such a requirement. Thus, no subpoena should have been issued until Hooper had deposited with the clerk of the OWC court a sum of money sufficient to pay all fees and expenses to which the witness was entitled by law. See LSC.C.P. art. 1353.
Hooper argued that all subpoenaed witnesses were employees of the Department and were considered part of the Department, thereby precluding Hooper's counsel from freely speaking with any of them. Accordingly, Hooper argued that LSA-C.C.P. art. 1353 was inapplicable, since the subpoenas were issued to parties to the litigation. However, the fact that the Rules of Professional Conduct prohibit a lawyer from freely conversing with an employee of the Department does not make such an employee a party to the lawsuit by reason that his or her employer was named as a party. See Rules of Professional Conduct, Rule 4.2.[7] Because *153 each of these witnesses was a non-party, the initial subpoena was jurisdictional. A subpoena, like a summons, is a jurisdiction-getting device. The summons secures jurisdiction over a defendant in an action, subjecting the defendant to the jurisdiction of the court so that any judgment that may be rendered in the action will bind the defendant. The mission of the subpoena is to secure jurisdiction over a witness, who is usually not a party to the action, so as to obtain from the witness testimony or documents (or other things) needed by one of the parties. The incentive of the subpoenaed witness to obey the subpoena is to avoid punishment for contempt, the sanction that backs a subpoena. Seaward v. City of Hammond, 01-0770 (La.App. 1st Cir.6/21/02), 822 So.2d 38, 40.
Thus, because Hooper had to request the issuance of subpoenas for the attendance of the Department employees as witnesses at the trial, she was required to meet the requirements of LSA-C.C.P. art. 1353. In the absence of proof that such requirements were satisfied, the subpoenas in question should not have been issued. Thus, we are unable to find that the WCJ erred or abused his discretion in quashing these subpoenas on account of Hooper's failure to deposit with the clerk of the OWC court a sum of money sufficient to pay all fees and expenses to which the witnesses were entitled by law.
Furthermore, service was not made by certified mail, return receipt requested, as contemplated by LSA-R.S. 23:1310.7(C) and LAC 40:1.5909. Service by certified mail, return receipt requested, on Skip Rhorer, an agent for the Department, did not constitute service on the individuals who were named in the subpoenas. Mr. Rhorer was employed by the Department as assistant commissioner of management and finance. He received two envelopes addressed to him at the Department's mailing address, which contained the subpoenas and subpoenas duces tecum addressed to Melanie Barnett, Eric Gates, Terri Boykin (Summers), Sherry Wethy, and Lola Turner. Mr. Rhorer did not have authority to accept service of the subpoenas for any of the named individuals. Thus, his signature on the return receipt was not tantamount to service on the individuals to whom each subpoena was addressed. This means of service was insufficient to show that service of the subpoena was made on the persons who were to be witnesses, so as to subject those persons to the jurisdiction of the court.[8] Therefore, the WCJ did not err in finding that service was not proper on the individuals who were subpoenaed.

Credibility
Hooper urged that the WCJ erred in finding that she was not a credible witness. The credibility of witnesses is best determined by the trial court judge. See Horstmann v. Farber, 05-2213 (La. App. 1st Cir.9/27/06), 944 So.2d 628, 632. The "manifest error-clearly wrong" standard of review demands great deference to the trier of fact's findings regarding the credibility of witnesses, because only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Lirette v. State Farm Ins., 563 So.2d 850, 852 (La.1990). *154 In this case, the WCJ was able to observe Hooper's demeanor when she testified, and the WCJ obviously did not believe Hooper's account of the alleged accident. Furthermore, other evidence in the record casts doubt on Hooper's testimony on this issue, particularly the medical records of various doctors who treated Hooper prior to and after November 4, 2002. We are unable to find that the WCJ's evaluation of Hooper's credibility was unreasonable. Accordingly, we must defer to the WCJ's determination in this respect.

Occurrence of an Accident
Hooper argued that the WCJ erred in finding that she had not satisfied her burden of proving that a work-related accident had occurred on November 4, 2002. The claimant in a workers' compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Bruno v. Harbert Int'l Inc., 593 So.2d 357, 361 (La. 1992). Louisiana Revised Statute 23:1021(1) defines an accident as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." This provision excludes from the definition of "accident" conditions that are caused by a progressive deterioration. Hudson v. Housing Auth. of New Orleans, 04-0744 (La.App. 4th Cir.10/27/04), 909 So.2d 607, 610. However, the mere presence of a gradual or deteriorating condition does not preclude a claimant from recovering workers' compensation benefits. Jackson v. Savant Ins. Co., 96-1424 (La.App. 1st Cir.5/9/97), 694 So.2d 1178, 1183. An otherwise healthy employee with a pre-existing condition is entitled to benefits if he can prove that his work contributed to, aggravated, or accelerated his injury. Dyson v. State Employees Group Benefits Program, 610 So.2d 953, 955 (La.App. 1st Cir.1992).
As previously noted, the record contains evidence that conflicts with the version of events given by Hooper. The medical evidence provides reasonable support for the WCJ's determination that Hooper had begun to experience back problems in early April 2002. Her back and leg pain escalated, resulting in a myelogram and, on October 29, 2002, a post-myelogram CT scan. Based on the results of these tests, Hooper's treating neurosurgeon opined in a report dated October 31, 2002, that Hooper had symptomatic spondylolisthesis that would require surgery. A decision concerning her need for surgery was to be made after consultation with his colleagues on Monday, November 4, 2002. Following this conference, the neurosurgeon recommended a discectomy with fusion, which is the surgery that was ultimately performed on Hooper by her orthopedic surgeon on February 10, 2004. Furthermore, the medical records of her treating physicians pertaining to visits that occurred shortly after November 4, 2002, do not mention the occurrence of an accident on that date, and her physicians denied being informed by Hooper that she had suffered a work-related injury on November 4, 2002. In most instances, her condition was indicated as being related to something else.
Whether there was an accident is a finding of fact. See Bruno, 593 So.2d at 361. Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161, 1164. In applying the manifest error or clearly wrong standard, the appellate *155 court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Seal, 704 So.2d at 1164. Based on the record in this case, we find a reasonable factual basis for the WCJ's conclusions. Moreover, we conclude that the WCJ did not manifestly err in finding that Hooper had a significant congenital condition that had become symptomatic prior to November 4, 2002, and in finding that Hooper failed to show by a preponderance of the evidence that a work-related accident occurred on that date.[9]

Decree
For the foregoing reasons, we affirm the judgment of the Office of Workers' Compensation Administration.[10] Costs of this appeal are assessed to Paula Hooper.
AFFIRMED.
GUIDRY, J., concurs in the result.
NOTES
[1] Honorable Jason G. Ourso of District 5 presided in this matter.
[2] This motion was incorrectly referred to as a motion for directed verdict.
[3] Provided that the claimant has completed the presentation of his case, an involuntary dismissal may be granted in a workers' compensation case. See LAC 40:1.6211; LSC.C.P. art. 1672(B); Taylor v. Tommie's Gaming, 04-2254 (La.5/24/05), 902 So.2d 380, 383.
[4] Louisiana Administrative Code 40:1.5511 states that service of process in a workers' compensation claim shall be by certified mail, at mediation by the mediator, or any other manner provided by law. LAC 40:1.5911 provides for exceptions for subpoenas directed to an official of the Social Security Administration, an independent medical examiner, and the director or any other employees of the Office of Workers' Compensation Administration.
[5] In her brief, Hooper did not directly challenge the WCJ's ruling based on LSA-R.S. 13:3667.3, which governs the issuance of a subpoena seeking to compel the attendance of a statewide elected official as a witness in a suit that arises out of, or in connection with, the person's exercise of his duties as an official of the state. Therefore, we pretermit discussion of the propriety of the WCJ's granting of the motion to quash as it relates to the subpoena demanding Commissioner Odom's appearance.
[6] We recognize that the term "clerk of court" found in LSA-C.C.P. art. 1353 is not normally used in workers' compensation proceedings, but obviously the Office of Workers' Compensation Administration has comparable personnel to perform the function of a clerk of court. Accordingly, for the remainder of this opinion, we will refer to such personnel as the "clerk of the OWC court."
[7] Rule 4.2 prohibits a lawyer, in representing a client, from communicating about the subject of the representation with:

(a) a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.
(b) a person the lawyer knows is presently a director, officer, employee, member, shareholder or other constituent of a represented organization and
(1) who supervises, directs or regularly consults with the organization's lawyer concerning the matter;
(2) who has the authority to obligate the organization with respect to the matter; or
(3) whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.
[8] See Seaward, 822 So.2d at 40.
[9] The gradual deterioration of her congenital condition to the point where she could no longer perform her work-related duties as of November 4, 2002, does not warrant a contrary result.
[10] In light of this conclusion, we find it unnecessary to rule on the Department's motion to strike that was filed with this court. Accordingly, said motion is dismissed.